UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

KEN LANG,

Plaintiff,

v.

STELLAR RECOVERY, INC.,

   Defendant.

_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Ken Lang, is a natural person, and citizen of the State of Florida, residing in Broward-County, Florida.

4. Plaintiff, Ken Lang, is a "consumer" as defined by 15 U.S.C. 1692a(3) and Fla. Stat. 559.55(2)

5. Defendant, Stellar Recovery ("Defendant" or "Stellar") is incorporated with its principal place of business at 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA and the FCCPA

9. Defendant regularly collects or attempts to collect debts for other parties.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11. On January 14, 2014 the Defendant called Plaintiff and left the following message on Plaintiff's voice mail on his telephone on or about the above date and stated:

> "This is an important call from stellar recovery. This communication is from a debt collector. Please return the call to 877-236-5791"

12. Defendant, Stellar, left other messages using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone (Collectively, "the telephone messages") on at least the following dates: January 15, 2014; March 6, 2014; March 11, 2014.

13. The messages are "communications" as defined by 15 U.S.C 1692a(2). See Baker v. Allstate Fin. Servs., Inc., 554 F. Supp. 2d 945 (D. Minn. 2008); Berg v. Merchs, Ass'n Collection Div., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14. Defendant's January 14, 2014 communication failed to inform Plaintiff if he was the debtor, failed to inform the plaintiff that the call was an attempt to collect a debt and any information will be used for that purpose.

15. The standard for evaluating violations of the FDCPA is not whether the individual plaintiff was confused or deceived but whether "the least sophisticated consumer would be confused or deceived by Defendant's actions. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-78 (11th Cir. 1985).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## 1692 Et *Seq.*

16. Plaintiff incorporates Paragraphs 1 through 15.

17.     Defendant failed to disclose in the telephone calls, who they were calling for, that it is a attempting to collect a debt and any information will be used for that purpose in violation of 15 U.S.C. §1692e(11). See <u>Bryant v. Credit Adjustments</u>, Inc., Case No. 10-61009-Civ-Cohn, 2011WL 902009, (S.D. Fla., March 14, 2011); <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

18.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose who it was calling for and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. 1692(d)(6).  See <u>Valencia v. The Affiliated Group, Inc.,</u> Case No. 07-61381-Civ-Marra/Johnon, 2008 U.S. Dist. Lexis 73008, (S.D. Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc</u>., 548 F. Supp. 591, 593 (D. Ga. 1982); <u>Baker v. Allstate Fin. Servs., Inc.</u>, 554 F. Supp. 2d 945, 950 (D. Minn. 2008) and <u>Hosseinzadeh v. M.R.S. Assocs</u>., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Statutory Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper

## JURY DEMAND

Plaintiff demands trial by jury.

>LAWRENCE D. FELDER, ESQ.
>Attorney for Plaintiff
>Telephone: 954-524-8808
>lawrencefelder@outlook.com
>
>By: s/ Lawrence Felder
>    Lawrence D. Felder, Esq.
>    Florida Bar No. 204498